**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Santos Peter Murillo, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:25-cv-02701-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden FCI Greenville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Santos Murillo ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1). Shortly thereafter, Petitioner was transferred from FCI Williamsburg in Salters, South Carolina to FCI Greenville in Greenville, Illinois. (ECF No. 23). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. The Respondent filed a motion to dismiss for lack of jurisdiction. (ECF No. 50). The court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to the Respondent's motion. (ECF No. 51). Thereafter, Petitioner filed a "Motion to Stay" requesting that this case be stayed pending the adjudication of his "recharacterized 2255 matter" in the Western District of Washington, (ECF

---

[1] Petitioner also filed a motion to proceed *in forma pauperis*, indicating he had no cash or money in his checking or savings account. (ECF No. 9 at 2). However, he included financial documentation, showing an available account balance of $585.76. (ECF No. 9-1 at 1). Thereafter, the magistrate judge issued a Report and Recommendation, (ECF No. 12), recommending the undersigned judge deny Petitioner's application to proceed without prepayment of fees and order Petitioner to pay the $5.00 filing fee. Petitioner subsequently paid the $5.00 fee, (ECF No. 18), and the magistrate judge withdrew the Report at ECF No. 12 and determined the motion to proceed *in forma pauperis* to be moot, (ECF No. 20).

1

No. 56), as well as a response to the Respondent's motion to dismiss, (ECF No. 60). The magistrate judge issued a Report and Recommendation ("Report"), recommending that this action be dismissed without prejudice and that all remaining motions be deemed moot. (ECF No. 62). The Report advised Petitioner of his right to file objections to the Report, and Petitioner filed objections.[2] (ECF No. 65).

## STANDARD OF REVIEW

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only

---

[2] The objections to the Report were due by December 19, 2025. It is unclear whether Petitioner's objections were timely filed, as the envelope is not stamped with a date showing when Petitioner delivered his objections to the prison mail room. See (ECF No. 65-1). The court received Petitioner's objections on December 22, 2025. (ECF No. 65). Though it is not clear that Petitioner's objections were timely filed, the court will consider them.

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally").  Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

3

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

"[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). However, § 2255 includes a savings clause provision which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e). Section "2255(e), the so-called 'saving clause' . . . permits someone—who must otherwise file under § 2255—to file under § 2241 instead if § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Bell v. Streeval*, 147 F.4th 452, 456 (4th Cir. 2025) (citing § 2255(e)). "However, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful[.]" *White v. Rivera*, 518 F. Supp. 2d 752, 754 (D.S.C. 2007), *aff'd*, 262 F. App'x 540 (4th Cir. 2008). "Resort to § 2241 via the saving clause and filing in the judicial district of imprisonment is permitted only in 'the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court.'" *Bell*, 147 F.4th at 463 (4th Cir. 2025) (*quoting Jones v. Hendrix*, 599 U.S. 465, 474 (2023)). Furthermore, "impossibility and impracticability are not defined with reference to the prisoner's ability to succeed; rather, they are defined with reference to the prisoner's ability to seek relief from the sentencing court." *Id*. In the Report, the magistrate judge indicated that "Petitioner cannot meet the savings clause [of 28 U.S.C. § 2255(e)] to procure subject matter jurisdiction under § 2241 in this court." (ECF No. 62 at 2).

In his objections, Petitioner notes that he has a pending § 2255 motion before the court in the Western District of Washington, and that his motion there raises "almost all grounds present

4

in his current 2241 [motion.]" (ECF No. 65). However, Petitioner notes that he did not raise the issue of his custody level being affected by his criminal history score at sentencing in his pending § 2255 motion and "would file an amended 2255 petition in the Western District of Washington" but believes the statute of limitations has run and that he cannot amend his petition. *Id.* Accordingly, Petitioner asks that if this court finds that it lacks jurisdiction over his § 2241 petition, that this court "transfer his claims along with accompanying exhibits to the sentencing court where his claims may be heard on the merits." *Id.* at 4.

As an initial matter, Petitioner's objections do not address the magistrate judge's conclusion that Petitioner cannot meet the savings clause under § 2255(e) beyond his assertion that he may be time-barred from amending his pending § 2255 motion. The court finds no clear error in the magistrate judge's analysis regarding jurisdiction, and the court notes that not only has Petitioner failed to demonstrate how § 2255 is ineffective or inadequate to address his claims, but Petitioner has a *pending* almost-identical request for relief before his sentencing court pursuant to § 2255.

Concluding that the court lacks jurisdiction over the petition, the court next turns to whether dismissal or transfer is appropriate. In his objections, Petitioner provided the court with the case number correlating to his pending § 2255 proceedings in the Western District of Washington. *Id.* at 1. The court takes judicial notice of the docket entries and filings in such case, *Murillo v. United States*, 2:25-cv-02238-JLR (W.D. Wa.). *See Colonial Penn Ins. Co. v. Coil*, 887 F.3d 1236, 1239 (4th Cir. 1989) (indicating courts may take juridical notice of proceedings in other courts when the matters are relevant to the issue before the court) (collecting cases). A review of the docket in the Washington case reveals that on December 16, 2025, the district court judge presiding over that case issued an order allowing Petitioner to amend his § 2255 motion "no later than 7/17/2026[.]"

*Murillo*, 2:25-cv-02238-JLR, dkt. entry 9 (W.D. Wa. Dec. 16, 2025). Additionally, the district court judge in that district has appointed counsel for Petitioner to assist him in amending his motion and presenting his claims to the court. *Id*. at entry 4 (W.D. Wa. Nov. 14, 2025). Accordingly, contrary to what Petitioner believed at the time he filed his objections to the Report, the Western District of Washington has allowed him time to amend his report, with the assistance of counsel. Therefore, the court finds that Petitioner has the ability to seek redress for his claims by amending his pending motion before the sentencing court, and transfer is, therefore, not warranted.[3]

### CONCLUSION

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards the court **ADOPTS** the Report, (ECF No. 62), and incorporates it herein.  Accordingly, the court hereby **GRANTS** Respondent's Motion to Dismiss, (ECF No. 50). The petition, (ECF No. 1), is **DISMISSED without prejudice for lack of jurisdiction.** As the court lacks jurisdiction over this case, Petitioner's remaining motions, (ECF No. 49, 56), are **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 23, 2026

---

[3] Furthermore, a transfer would likely result in the receiving court having to open a new case number for what Petitioner has described as an almost identical matter to what is currently pending before that court, which would be a waste of judicial resources and may result in piecemeal litigation. Additionally, Petitioner's current motion for relief before the Western District of Washington *does* raise the issue that his prior convictions that were vacated were relied on for sentencing, which touches on the issue Petitioner avers he failed to raise in that court. *Murillo*, 2:25-cv-02238-JLR, dkt. entry 1 at 1 (W.D. Wa. Oct. 31, 2025). Additionally, in the case before this court, though Petitioner avers that his custody level is incorrect in the Bureau of Prisons, he argues that this is due to the court having considered his prior conviction at sentencing in relation to his criminal history score. Accordingly, his challenge to the execution of his sentence is directly related and inextricably intertwined with a challenge to the implementation of his sentence, which is an issue before the sentencing court.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.